IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DENILE GALE,<br><br>                Plaintiff,<br><br>vs.<br><br>UINTAH COUNTY, et al.,<br><br>                Defendants. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:13-CV-725-TC |

This 42 U.S.C. § 1983 civil rights case was tried before a jury for four days in February. After the jury found no cause of action, the Defendants, at the court's request, submitted a proposed judgment on the verdict. The Defendants have since submitted a verified memorandum of $3,617.21 in costs. (See Defs.' Verified Mem. of Costs & Disbursements, Docket No. 110.)

Although awarding costs to the prevailing party is standard practice (see Fed. R. Civ. P. 54(d)(1)), the court ordered the parties to "file simultaneous briefs on the issue of whether the court, in exercising its discretion under Federal Rule of Civil Procedure 54(d), should consider the relative indigence of Mr. Gale, or other mitigating factors, in determining whether an award of costs to the Defendants is equitable." (Feb. 26, 2016 Order at 1-2, Docket No. 105.) The parties filed their briefs in March. (See Docket Nos. 108-09).

After considering the issue further and reviewing the briefs as well as case law, the court, for the reasons set forth below, has decided not to exercise its discretion to deny an award of costs to the Defendants. A final judgment reflecting that decision will be issued shortly.

Federal Rule of Civil Procedure 54 provides that "[u]nless a federal statute, these rules, or

a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Although the court has discretion to deny an award of costs, that discretion is limited. Rodriguez v. Whiting Farms, Inc., 360 F.3d 1180, 1190 (10th Cir. 2004); Cantrell v. Int'l Bhd. of Elec. Workers, 69 F.3d 456, 458-59 (10th Cir. 1995) (en banc). Indeed, the rule creates a presumption that costs will be awarded to the prevailing party. Rodriguez, 360 F.3d at 1190; Cantrell, 69 F.3d at 458-59. And the non-prevailing party has the burden to rebut that presumption. Rodriguez, 360 F.3d at 1190. If the court does deny an award of costs, "it must provide a valid reason for denial," id., because denial of costs is "in the nature of a severe penalty." Klein v. Grynberg, 44 F.3d 1497, 1507 (10th Cir. 1995) (stating that there "must be some apparent reason to penalize the prevailing party if costs are to be denied.").

The Tenth Circuit, in its *en banc* decision in Cantrell, provided examples of circumstances in which courts of various jurisdictions have properly denied costs. Those circumstances include when the prevailing party "was only partially successful," the prevailing party acted in an obstructive and bad faith manner during the litigation, the damages were nominal, the costs were "unreasonably high or unnecessary," the case issues were "close and difficult," and the non-prevailing party was indigent. 69 F.3d at 458-59.

Mr. Gale articulates two reasons to deny an award of costs to the Defendants: indigency and "close and difficult" issues.

He says that he was indigent "for a long period of time after Defendant [Sheriff Merrell] terminated his employment," and during "his first year after termination, he earned $675 for the entire year." (Pl.'s Br. Re: Award of Costs at 2, Docket No. 108.) But he also acknowledges that "he is no longer 'indigent.'" (Id.)

On a similar note, Mr. Gale asserts that "the disparity in resources of the parties is enormous" and so he should not have to pay the Defendants' costs. (Id.) But the relative wealth of the parties is not a dispositive factor.

> Several courts of appeals have held that indigency, or modest means, is a factor that a district court may consider in awarding costs. Other courts that have adopted this approach also caution that a losing party's indigency or an inability to pay costs does not automatically mean that a costs award levied against that party is inequitable. This case-by-case approach to the "indigency" factor has also been expressly or implicitly endorsed by noted commentators on the subject.
>
> [We have] held that the "disparity in the parties' financial resources seems to us to be irrelevant for purposes of Rule 54(d)," but we also stated that
>
>> [i]f the losing party cannot afford to pay [costs], that party is not automatically exempted from the taxation of costs. On the contrary, 28 U.S.C. § 1915(e) and cases decided thereunder make clear that <u>costs may be taxed against a party who is permitted to proceed in forma pauperis.</u> While these cases recognize that a district court may consider a losing party's indigency in applying Rule 54(d), <u>the losing party in this case does not claim to be indigent, and the record does not establish that she is unable to pay the full measure of costs.</u>

In re Paoli R.R. Yard PCB Litigation, 221 F.3d 449, 463-64 (3d Cir. 2000) (awarding costs) (internal citations omitted) (emphasis added). As in Paoli, the non-prevailing party here—Mr. Gale—does not claim to be indigent now, nor has he established that he is unable to pay costs in general. Moreover, the $3,600 in costs seems reasonable[1] given the fact that the case lasted two and a half years, the parties litigated a motion for summary judgment, and the case went to trial.

Mr. Gale also emphasizes that he paid his own attorney's fees, whereas the Defendants'

---

[1]But the court is <u>not</u> ruling on the amount or propriety of the particular costs submitted by the Defendants for taxation against Mr. Gale. Under Local Rule DUCivR54-2(b), Mr. Gale has the right to file an objection to the proposed costs.

fees were covered by taxpayer money (the Defendants are Uintah County and its former Sheriff). (See Pl.'s Br. Re: Award of Costs at 2.)  But he initiated the suit and took the risk that he would not be able to recover fees under 42 U.S.C. § 1988, so his argument is unpersuasive.

Mr. Gale also maintains that the court should deny costs because the issues in this Section 1983 civil rights case were "close and difficult." (Id.)  To support his argument, he provides an example of such an issue that he raised in his motion for a new trial. (Id. at 2-3; see also Pl.'s Mot. New Trial, Docket No. 111.)  But the court has denied that motion for a new trial, finding the evidence sufficient to support the jury's verdict. (See May 2, 2016 Order, Docket No. 120.)

The Tenth Circuit views denial of costs to the prevailing party as a "severe penalty."  In light of that language, the court has no reason to penalize Defendants absent a showing of bad faith or unclean hands.  See, e.g., Rodriguez, 360 F.3d at 1190 (affirming district court's holding that, even in the face of indigence and a "close and difficult question," the award of costs to the defendants should not be reduced.  "The burden is on [the non-prevailing parties] and they have not offered any reason why [the prevailing party] should be penalized in this case.").

Mr. Gale is not indigent, the Defendants prevailed on all claims, the issues were not complex, and the evidence supported the jury's verdict.  Mr. Gale has not met his burden to rebut the presumption under Rule 54(b) that costs should be awarded to the prevailing party.

SO ORDERED this 2nd day of May, 2016.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge