IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DENILE GALE,<br><br>Plaintiff,<br><br>v.<br><br>UINTAH COUNTY, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**<br><br>Case No. 2:13-cv-725-RJS-DBP<br><br>Chief District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Defendants' Motion for Reconsideration of Plaintiff's Motion for New Trial.[1] For the reasons explained below, the Motion is DENIED.

## BACKGROUND

Plaintiff Denile Gale brought this suit against Defendants Uintah County, Sheriff Jeff Merrell, and Loren Anderson, alleging violations of his First Amendment and due process rights stemming from his termination from his job as a Uintah County corrections officer.[2] Gale alleges he was terminated in retaliation for campaigning for Sheriff Merrell's challenger, Rick Reynolds, in a local election.[3] Defendants contend Gale was fired for violating a policy that prohibited giving prescription medication to inmates.[4]

---

[1] Dkt. 203.

[2] *See* Complaint (Dkt. 2) ¶ 16–34 (bringing claims for violation of procedural due process and violation of 42 U.S.C. § 1983).

[3] *Id.* ¶ 6–10, 28.

[4] *See, e.g.*, Motion for Summary Judgment (Dkt. 33) at 2–3.

1

Before trial, in response to Defendants' Motion for Summary Judgment,[5] Gale submitted the "Declaration of Lamar Davis" (hereinafter 2014 Declaration).[6] Therein, Davis states Gale campaigned for Reynolds openly and vocally, this information was "common knowledge in the community and the Sheriff's Office," and that he was "certain that Sheriff Merrell was also aware of Mr. Gale's support and campaign activities."[7] Davis also states that other employees committed more egregious disciplinary violations but were not terminated from their jobs, and that Amber Williams, the employee who first reported Gale for the policy violation, had misconduct issues of her own.[8]

While Gale neglected to list Davis in his initial disclosures, Defendants included him in theirs.[9] Defendants nonetheless moved to strike Davis's testimony because he was not identified in Gale's initial disclosures.[10]

On August 4, 2015, Judge Tena Campbell granted summary judgment as to Defendant Anderson, but denied it as to Defendants Merrell and Uintah County.[11] In the summary judgment memorandum decision, Judge Campbell also denied Defendants' Motion to Strike Davis's Testimony, citing the *Woodworker's Supply* factors and finding harmless Gale's failure to list Davis as a potential witness.[12]

---

[5] *Id.*

[6] Exhibit C re: Memorandum in Opposition to Summary Judgment (Dkt. 41-3).

[7] *Id.* ¶ 3.

[8] *Id.* ¶ 4–9, 13–14.

[9] *See* Order and Memorandum Decision (Dkt. 52) at 3 n.8.

[10] Reply to Response to Motion for Summary Judgment (Dkt. 48) at 15–16.

[11] *See* Order and Memorandum Decision (Dkt. 52).

[12] *Id.* at 3 n.8 (citing *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)). The *Woodworker's Supply* factors are used to consider whether a party's failure to provide information or identify a witness in their initial disclosures—as required by Federal Rule of Civil Procedure 26(a) or (e)—is substantially justified or harmless. Judge Campbell discussed Defendants' longstanding knowledge of Davis and the lack of evidence of bad faith on Gale's part in declining to strike Davis's testimony.

Before trial, Defendants filed a Motion in Limine to exclude Davis's testimony for the same reason: Gale's omission of Davis from the initial disclosures.[13] Judge Campbell granted that Motion in part, limiting Davis's testimony to "topics arising out of his testimony at the post-termination hearing—thus excluding Davis's testimony on topics including Gale's campaign activities.[14] Judge Campbell did not cite the *Woodworker's Supply* factors in granting the Motion in Limine.[15] In February 2016, the case was tried before a jury that returned a verdict in favor of Defendants.[16]

Following an unsuccessful motion for a new trial, Gale appealed to the Tenth Circuit.[17] The Tenth Circuit found that Judge Campbell had abused her discretion in disallowing parts of Davis's testimony at trial without considering the *Woodworker's Supply* factors, and remanded the case with instructions to consider those factors in a Motion for a New Trial.[18] Following the Tenth Circuit's ruling, Judge Campbell recused herself from the case and Judge Waddoups was reassigned in her place.[19] On December 31, 2018, Gale again moved for a new trial, arguing that the exclusion of testimony had affected his "substantial right" to fully try his case.[20] On October 10, 2019, Judge Waddoups granted the motion.[21] A second trial was originally scheduled to commence in spring of 2020, but due to the ongoing COVID-19 pandemic, the trial date has

---

[13] Motion in Limine (Dkt. 58) at 2–7.

[14] Order Granting in Part and Denying in Part Motion in Limine (Dkt. 92) at 1–2.

[15] *See id.*

[16] Jury Verdict (Dkt. 103).

[17] Motion for New Trial (Dkt. 111); Order Denying Motion for New Trial (Dkt. 120); Notice of Appeal (Dkt. 123).

[18] *See* Mandate of U.S. Court of Appeals (Dkt. 145) at 13.

[19] Order of Recusal (Dkt. 146).

[20] Motion for New Trial (Dkt. 147) at 11–13.

[21] Dkt. 159.

been delayed. In the interim, Judge Waddoups recused himself from the case and it was reassigned to the undersigned.[22]

Defendants have now filed a Motion for Reconsideration of Plaintiff's Motion for a New Trial.[23] Defendants argue that based on the "newly available evidence" of a 2019 deposition of Lamar Davis (hereinafter 2019 Deposition), Davis's testimony would not be admissible at trial and, therefore, excluding it at the original trial did not affect Plaintiff's "substantial right."[24]

## ANALYSIS

The court begins by deciding which legal standard to apply in assessing Defendants' Motion for Reconsideration—namely, whether the court should review the Motion under Federal Rule 54(b) or Rule 60(b)(6). Construing Defendants' Motion for Reconsideration under Rule 54(b), the court then addresses Defendants' arguments under that standard.

### I.  Standard of Review

Although not formally recognized by the Federal Rules of Civil Procedure, motions for reconsideration are generally construed under Rule 54(b), Rule 59(e), or Rule 60(b), depending on when the motion is filed.[25] Motions for reconsideration filed before entry of final judgment are construed under Rule 54(b).[26] Rule 54(b) provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at

---

[22] Order of Recusal (Dkt. 167).

[23] Motion for Reconsideration (Dkt. 203).

[24] *See id.* at 1.

[25] *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (citing Fed. R. Civ. P. 59(e), 60(b), and 54(b)).

[26] *See id.* ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge.") (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) and citing Fed. R. Civ. P. 54(b)).

any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[27]

Defendants purportedly bring their Motion for Reconsideration under Rule 60(b)(6).[28] In Opposition, Gale argues, *inter alia*, that the Motion for Reconsideration is procedurally improper under Rule 60 because there is no final judgment or order in this case.[29] Defendants reply that Rule 54 "is also available" as an avenue for relief.[30]

Because there is no final order in this case, Defendants' Motion for Reconsideration is properly construed under Rule 54(b). And as such, the court "is not bound by the strict standards for altering or amending a judgment [under Rules 59(e) and 60(b)]."[31]

While a district court has "plenary power to revisit and amend interlocutory orders as justice requires" under Rule 54(b), the "basic assessment" of a motion for reconsideration is the same as under Rules 59(e) and 60(b).[32] Motions for reconsideration may only be granted based on the availability of new evidence, an intervening change in the controlling law, or the need to correct clear error or prevent manifest injustice.[33] A motion for reconsideration therefore may be granted only where "the court has misapprehended the facts, a party's position, or the controlling

---

[27] Fed. R. Civ. P. 54(b); *see also, e.g.*, *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988) ("It is within the District Judge's discretion to revise his interlocutory orders prior to entry of final judgment.").

[28] *See* Motion for Reconsideration (Dkt. 203) at i; Reply (Dkt. 209) at 1–2.

[29] Opposition (Dkt. 204) at 1–2.

[30] Reply (Dkt. 209) at 2.

[31] *Spring Creek Exploration & Production Company, LLC, v. Hess Bakken Investment, II, LLC*, 887 F.3d 1003, 1023–24 (10th Cir. 2018) (internal quotations and citations omitted).

[32] *Id.* at 1025 (internal quotations and citations omitted).

[33] *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995); *see also Pia v. Supernova Media, Inc.*, No. 2:09-cv-840-DN-EJF, 2014 WL 7261014, at *2 (D. Utah Dec. 18, 2014) (internal quotation marks and citations omitted) ("There are three scenarios in which a litigant may successfully argue for reconsideration: when (1) substantially different, new evidence has been introduced; (2) subsequent, contradictory controlling authority exists; or (3) the original order is clearly erroneous.").

law"[34]—in other words, only in "extraordinary circumstances."[35] The Tenth Circuit has additionally cautioned:

> "[A] motion for reconsideration . . . [is an] inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[36]

Thus, motions for reconsideration should be denied when movants use them as vehicles to advanced arguments made earlier in the litigation.[37]

## II.    Defendants' Motion for Reconsideration

For two reasons, Defendants ask the court to reconsider its Order granting a new trial. First, they argue reconsideration is warranted based on the 2019 Deposition, "new evidence previously unavailable."[38] Second, Defendants contend it is required to avoid clear error or manifest injustice.[39] Gale disagrees, and argues the Motion is procedurally improper and understates the relevance of Davis's testimony.[40] The court addresses each argument in turn.

---

[34] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (explaining nearly identical Rule 59(e) motion for reconsideration standard).

[35] *Van Skiver v. United States*, 952 F.2d 1241, 1244–45 (10th Cir. 1991).

[36] *Servants of Paraclete*, 204 F.3d at 1012; *see also Albright v. Attorney's Title Ins. Fund*, No. 2:03-cv-00517, 2008 WL 376247, at *2 (D. Utah. Feb. 11, 2008) (denying motion for reconsideration where Plaintiffs "merely disagree with the order, restate their previous arguments and assert new arguments that were available to them at the time of the original briefing"); *The SCO Group, Inc. v. Novell, Inc.*, No. 2:04-cv-00139, 2007 WL 2746953, at *1 (D. Utah Sept. 14, 2007) ("A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court.").

[37] *See, e.g., Servants of Paraclete*, 204 F.3d at 1012; *United States v. Koerber*, 966 F. Supp. 2d 1207, 1211–12 (D. Utah 2013) (denying motion for reconsideration when the legal arguments and facts in motion for reconsideration were available at the time of the original motion).

[38] Reply (Dkt. 209) at 2.

[39] *Id.*

[40] Opposition (Dkt. 204) at 1–3.

**a. Defendants Fail to Argue the 2019 Deposition is "Newly Available Evidence"**

Defendants contend the court should reconsider its Order granting a new trial based on newly available evidence: the 2019 Deposition. "Newly available evidence" is either evidence that is "newly discovered" and thus was unavailable at the time of the original motion, or evidence that was available but "counsel made a diligent yet unsuccessful attempt to discover [it]."[41] This term does not include new evidence reflecting underlying information that was previously available.[42] In other words, "newly available evidence" must contain new information, it is not repackaged information previously known or available to the parties.[43] Moreover, a motion for reconsideration may be granted based on newly available evidence only if the movant can demonstrate that the new evidence would have changed the original motion's outcome.[44]

The party bringing a motion for reconsideration bears the burden of demonstrating evidence is either "newly discovered" and "was unavailable" when the original motion was filed, or was available but counsel made a "diligent yet unsuccessful attempt" to discover it.[45] To meet

---

[41] *Webber v. Mefford*, 43 F.3d 1340, 1345 (10th Cir. 1994).

[42] *See, e.g.*, *Spring Creek Exploration*, 887 F.3d at 1023–25 (finding that documents not previously filed but in party's possession throughout litigation did not constitute "newly available evidence"); *Grynberg v. Ivanhoe Energy, Inc.*, 490 Fed. App'x 86, 101–02 (10th Cir. 2012) (unpublished) (explaining evidence is not "new evidence previously unavailable" when "underlying information" contained in a piece of new evidence "clearly did exist" during the time period of claimed unavailability).

[43] *Comm. For First Amendment v. Campbell*, 962 F.2d 1517, 1523–24 (10th Cir. 1992) (upholding a district court's denial of a motion for reconsideration on the basis of new evidence based on the lack of "an explanation of why Plaintiffs waited three months to submit additional evidence, and then as part of a [motion for reconsideration]"); *see also Zurich N. Am. v. Matrix Service, Inc.*, 426 F.2d 1281, 1289–90 (10th Cir. 2005) (evidence not "newly discovered" when movant "knew [the evidence] was missing almost a year prior to the start of trial and made no attempt to explicitly include it in the discovery process"); *Dronsejko v. Thornton*, 632 F.3d 658, 672 (10th Cir. 2011) (upholding denial of motion for reconsideration where movant "never adequately explained why they could not have discovered the evidence.").

[44] *See, e.g.*, *Zurich*, 426 F.3d at 1290 (movant must show "the newly discovered evidence would probably produce a different result") (internal citations and quotations omitted).

[45] *See, e.g.*, *Dronsejko*, 426 F.3d 658, 672 ("[I]t is Plaintiffs' burden to establish . . . that the evidence was unavailable to them.").

this burden, Defendants seem to argue that because the Deposition was taken in 2019, after the Motion for a New Trial was granted, it is "newly available evidence."[46] Defendants explain they "requested the opportunity to take Lamar Davis's deposition before the new trial began" following the Order granting Plaintiff's Motion for a New Trial, and the attached Deposition indicates it was taken in December 2019.[47] While the date of the 2019 Deposition demonstrates it was not taken until after the Order granting a new trial, Defendants make no attempt to explain how the *content* of the Deposition can be considered "newly discovered" or "previously unavailable" given the history of this litigation.[48]

As Judge Campbell noted in her 2015 Order denying Defendants' motion to strike Davis's testimony during the summary judgment stage of this litigation, "Defendants listed Mr. Davis as a potential witness in their pre-trial disclosures. Indeed, *the Defendants have known about Mr. Davis and the scope of his knowledge since before this litigation began* (Mr. Davis testified at Mr. Gale's post-termination hearing)."[49] Since then, a motion in limine, the post-trial appeal to the Tenth Circuit, and the second Motion for New Trial have all centered on Davis's potential testimony. Given this history, and in the absence of any explanation from the Defendants, it is unclear how Davis's 2019 Deposition testimony could be considered "newly discovered" or "previously unavailable" to Defendants, who have known about the scope of

---

[46] *See* Motion for Reconsideration (Dkt. 203).

[47] *Id.* at ii; Exhibit B.

[48] *See generally id.* at 1–4 (mentioning only in passing the recency of the 2019 Deposition).

[49] *See* Memorandum Decision and Order (Dkt. 58) at 3, n.8 (emphasis added).

Davis's knowledge for more than a decade and could have taken this deposition at any earlier point in the litigation.[50]

Defendants instead attempt to meet their burden by arguing the 2019 Deposition includes new information concerning Davis's testimony about Sheriff Merrell's knowledge, unavailable at the time the parties were briefing Gale's second Motion for a New Trial.[51] Defendants argue the 2019 Deposition shows that "[Davis] did not know, for a fact, that Sheriff Merrell knew about Plaintiff's campaign activities."[52] Gale argues Davis's testimony could be offered to "cast doubt on Merrell's claim that he did not know about Gale's campaign activities," regardless of whether it demonstrates Merrell's knowledge for a certainty.[53]

Defendants' argument fails to show the 2019 Deposition constitutes new evidence, as a side-by-side comparison with the 2014 Declaration demonstrates. In Davis's 2014 Declaration, he states:

> I was aware that Mr. Gale campaigned for Sheriff Merrell's challenger, Rick Reynolds, in the 2010 election. Actually, a lot of employees of the Sheriff's Office supported Mr. Reynolds discreetly, but Mr. Gale was open and vocal about his support of him. I knew about Mr. Gale's support of Mr. Reynolds because Mr. Gale told me, but this information was common knowledge in the community and the Sheriff's Office, and because of that, I am certain that Sheriff Merrell was also aware of Mr. Gale's support and campaign activities.[54]

In the 2019 Deposition, Davis was asked whether he that he had ever seen Gale tell Sherriff Merrell that he was supporting the other candidate for sheriff, and he answered:

---

[50] *See also Oirya v. Brigham Young University*, No. 2:16-CV-01121-BSJ, 2020 WL 1692640, at *2–*3 (D. Utah Apr. 7, 2020) (denying Rule 60(b) motion brought on the basis of "newly discovered evidence" when the witness identities in question had been revealed on the record to movant in an earlier hearing).

[51] Motion for Reconsideration (Dkt. 203) at 1–2.

[52] *Id.* at 2.

[53] Opposition (Dkt. 204) at 3.

[54] Motion for Reconsideration (Dkt. 203), Exhibit A, ¶ 3.

9

> Yeah. I never seen any of that, but you would have to be -- you would have to be hiding in a cave not to know. Because – well, even Denile had a sign on his front yard that I know we all drove by on occasion because it's a small community and he had a sign on his yard supporting Rick Reynolds to be sheriff . . . I would have a hard time believing that Merrell didn't know that he was campaigning against him. It was pretty obvious. And I never said anything to him about it, but I would be very surprised if somebody else that was closer to Jeff Merrell didn't tell him on a daily basis that Denile was campaigning against him.[55]

In follow-up questions, Gale answers that he does not know for a fact Sheriff Merrell knew, he never personally saw Sheriff Merrell drive past Gale's house, and never saw the Sheriff look at the website Gale created.[56] None of Davis's responses appear materially different from what he said in his 2014 Declaration, in which he referenced the "common knowledge in the community" that Gale was supporting the other candidate, but does not describe a specific occasion in which he witnessed Sherriff Merrell be made aware of this fact. The answers Davis gave in his 2019 Deposition make that clearer, but a restatement or clarification of a previously-known fact does not constitute new evidence. Without explaining how the 2019 Deposition is materially different from the prior evidence, Defendants fail to demonstrate it even constitutes "new" evidence— much less, as discussed above, that it was new evidence not previously available to Defendants.[57]

      Because Defendants fail to demonstrate how the 2019 Deposition constitutes "newly available evidence," or that it is "new" evidence at all, their Motion for Reconsideration based on newly available evidence is unconvincing and must be denied.

---

[55] *Id.,* Exhibit B, at 54:19–55:11.

[56] *Id.* at 55:12–56:07.

[57] Defendants' arguments that the new evidence would be "inadmissible at trial" for lacking relevance under Federal Rule of Evidence 401, *see id.* at 2–3, and additionally that it would be inadmissible for lack of personal knowledge under Federal Rule of Evidence 602, *see* Reply (Dkt. 209) at 2–4, are similarly unavailing. Because Defendants do not make a showing that the evidence is "newly available," its admissibility or inadmissibility is irrelevant for purposes of determining the Motion for Reconsideration.

### b. Defendants Fail to Argue that Denying the Motion for Reconsideration Would Constitute Manifest Injustice or Clear Error

In their Reply Defendants raise, for the first time, the argument that their Motion for Reconsideration should additionally be granted because "it would be a clear error and a manifest injustice to allow a new trial."[58] Because this argument was raised for the first time in the Reply, the court need not consider it because Gale has had no chance to respond.[59] Regardless, the argument is conclusory and fails to demonstrate that not granting the Motion for Reconsideration, and holding a new trial, would be a "manifest injustice" or "clear error." Defendants state that allowing the new trial to take place "for the sole purpose of allowing Mr. Davis to testify" "would be a clear error and a manifest injustice," but essentially tack that conclusion on to the same arguments about the admissibility of Davis's testimony made in their original Motion.[60] Defendants do not address the high bar for establishing clear error or manifest injustice on a motion for reconsideration, which is "difficult [burden]" to meet.[61] Therefore, this argument is similarly unavailing.

### c. The Motion for Reconsideration is an "Inappropriate Vehicle" to Reargue Whether the Exclusion of Davis's Testimony Violated a Substantial Right

Finally, as discussed above, the Tenth Circuit has cautioned that "a motion for reconsideration … [is an] inappropriate vehicle[] to reargue an issue previously addressed by the

---

[58] Reply (Dkt. 209) at 2.

[59] *See Anderson v. Dep't of Labor*, 422 F.3d 1155, 1174, 1182 n.51 (10th Cir. 2005) (party waived issue not raised in opening brief).

[60] Reply (Dkt. 209) at 2, 4, 8.

[61] *Grynberg*, 490 Fed. App'x at 102; *see also United States v. Garibaldi-Bravo*, 796 Fed. App'x 538, 540 (10th Cir. 2019) (unpublished) (only upholding a district court's grant of motion for reconsideration to prevent manifest injustice only when subsequently available evidence revealed a defendant had been untruthful in about a central issue).

11

court."[62]  Because Defendants' Motion for Reconsideration largely retraces ground covered in their Opposition to Plaintiff's Motion for a New Trial, the Motion must be denied.

In their Opposition to Gale's Motion for a New Trial, Defendants argued that Judge Campbell's exclusion of Davis's testimony on the following points "did not affect Plaintiff's substantial rights": (1) Sheriff Merrell's knowledge of Gale's campaigning, (2) other employees' behavior, (3) retaliation against other employees, or (4) Amber Williams's credibility.[63] Defendants reasoned that Davis's testimony on these points was "hearsay," "not dispositive," duplicative of other trial testimony, or not relevant given the policy Davis allegedly violated compared with other employees.[64]  Defendants attempt to relitigate these issues using the 2019 Deposition, rearguing in the Motion for Reconsideration that Davis's testimony (1) concerning Sherriff Merrell would not be relevant or admissible, (2) concerning other employees' misconduct was "already ruled . . . not to be admissible," (3) concerning Ms. Williams's credibility "is unrelated [to Gale's violation]" and (4) concerning consistency of discipline to other employees is also "unrelated."[65]  In addition to reattempting the argument that Davis's testimony would be inadmissible, Defendant's argument that Davis's testimony concerning the misconduct of other employees was ruled inadmissible at the first trial relies on facts—including the first trial's Motion in Limine concerning this testimony—that were obviously "available at the time of the [Second Motion for New Trial]."[66]  As discussed, motions for reconsideration

---

[62] *Servants of Paraclete*, 204 F.3d at 1012.

[63] Memorandum in Opposition (Dkt. 151) 15–17.

[64] *See id.*

[65] Motion for Reconsideration at 2–4.

[66] *Servants of Paraclete*, 204 F.3d at 1012.

based on new evidence cannot rely on facts and evidence available to a party at the time of the original motion.[67]

Because Defendants "merely advance[] new arguments . . . available at the time of the original motion,"[68] they do not support a motion for reconsideration. Accordingly, the court denies Defendants' Motion for Reconsideration.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Reconsideration is DENIED.[69]

So ORDERED this 5th day of October, 2021.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[67] *Id.*

[68] *Id.*

[69] Motion for Reconsideration (Dkt. 203).